# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NNN 2716 NORTH TENAYA 24, LLC,<br><br>                                Plaintiff(s),<br><br>   v.<br><br>BREAKWATER EQUITY PARTNERS, LLC, et al.,<br><br>                              Defendant(s). | Case No. 2:16-CV-1571 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants' motion, made pursuant to 28 U.S.C. § 1404(a), to transfer venue of the case to the United States District Court, Southern District of California, San Diego Division. (ECF No. 5). Defendants further request that the court, should it deny that relief, dismiss the case for lack of personal jurisdiction or because venue is improper. (*Id.*); *see also* Fed. R. Civ. P. 12(b)(2), (3).

## I.    Introduction

On June 2, 2016, plaintiff filed its complaint in Nevada state court, alleging seven causes of action against defendants in relation to an alleged agreement to buy plaintiff's interest in the 2716 North Tenaya Way, Las Vegas, Nevada property. (ECF No. 1-1).

On July 1, 2016, defendants Richard Pinto and Randall Ghezzi filed a notice of removal in this court. (ECF No. 1). On July 14, 2016, all defendants filed the instant motion. (ECF No. 5). Plaintiff filed a response (ECF No. 15), and defendants filed a reply (ECF No. 21).

## II.    Legal Standard

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). A forum-selection clause

**James C. Mahan**
**U.S. District Judge**

is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15.

"Because a valid forum selection clause is bargained for by the parties and embodies their expectations as to where disputes will be resolved, it should be 'given controlling weight in all but the most exceptional cases.'" *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013)).

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A valid forum selection clause changes a district court's § 1404(a) analysis in three ways: (1) "the plaintiff's choice of forum merits no weight" and "the [clause-defying] plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted"; (2) a district court "should not consider arguments about the parties' private interests"; and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry . . . the original venue's choice-of-law rules . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581–82 (2013).

### III. Transfer of Venue

#### a. Which contract(s) apply

Defendants argue that this court should transfer venue under the authority of 28 U.S.C. § 1404 to give effect to venue-selection contract clauses in two of the allegedly underlying contracts in this case. (ECF No. 5); *see also* 28 U.S.C. § 1404(a).

First, the Workout Funding Agreement ("WFA"), effective beginning in 2012, contains the following provision: "Any dispute that arises under or relates to this Agreement (whether contract, tort, or both) will be resolved in San Diego, California and in no other place." (ECF No. 5-1 at 6). Second, the Consulting Services Agreement ("CSA"), also created in 2012, asserts that "[i]n any litigation subsequently arising out of this Agreement, jurisdiction and venue shall exclusively lie in the state or federal courts of San Diego, California" and that:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration in San Diego, California, before a single, neutral arbitrator in accordance with the rules then in effect of the American Arbitration Association, and judgment rendered upon the award, including such

**James C. Mahan**
**U.S. District Judge**

- 2 -

> reasonable attorney's fees as may be awarded the prevailing party, may be entered in any court having jurisdiction thereof.

(ECF No. 5-2 at 10).

However, plaintiff asserts that a different forum-selection clause controls here. Plaintiff states that the 2014 limited liability company membership interest purchase and sale agreement governs the instant controversy. (ECF No. 15). This alleged agreement offers that:

> This Agreement shall be construed under and in accordance with the laws of the State of Nevada, and all obligations of the parties created hereunder are performable in whole or in part in Clark County, Nevada, where venue shall lie for any action brought hereunder or brought between the parties hereto.

(ECF No. 15-8 at 5). Plaintiff contests that this contract should control the question of venue because the present suit is directly based on that contract's terms and that the contract was created after the 2012 agreements. (ECF No. 15).

Defendants reply that plaintiff did not sign the 2014 contract. (ECF No. 21). They also indicate that plaintiff has not shown that the forum selection clauses in the 2012 agreements would be overcome by any difficulty of travelling to San Diego. (*Id.*).

This court agrees with defendants that plaintiff's exhibit of the 2014 contract lacks plaintiff's signature or any other indicia of agreement. (ECF No. 15-8 at 2–10). Therefore, the 2014 agreement carries no weight for the present issues. *See Minneapolis & St. L. Ry. Co. v. Columbus Rolling-Mill Co.*, 119 U.S. 149, 151 (1886) ("[N]o contract is complete without the mutual consent of the parties . . . ."). To the extent that plaintiff argues that its claims are based in this contract, the court sees no evidence of its applicability at this time and therefore turns to the 2012 agreements. (ECF No. 15-8).

Plaintiff argues that the 2012 agreements—which plaintiff has assented to—apply only to one of the defendants. (ECF Nos. 5-1, 5-2, 15). However, this argument is not developed in the response brief and, upon review of the relevant signatures on the 2012 agreements, is not meritorious.[1] *See* (ECF Nos. 5-1, 5-2, 15).

Thus, in the absence of another agreement, CSA governs plaintiff's present legal interaction with Breakwater Equity Partners, LLC ("Breakwater") and, by extension, its alleged agents. (ECF No. 5-2) ("No provision of this Agreement may be waived, modified, or altered

---

[1] The court notes that the complaint alleges that defendants Jack Rose and Samantha Randant appear to be agents of, or are otherwise affiliated with, defendant Breakwater Equity Partners, LLC. (ECF No. 1-1).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  except in a writing executed by all the parties hereto."). In light of plaintiff's claims against
2  Breakwater, CSA's limited liability, assignments, entire agreement, waiver, arbitration, choice of
3  law, and forum provisions may apply. *See* (ECF Nos. 1, 5-2). It is sufficient here, however, to
4  find that the limited liability, arbitration, and forum-selection clauses are valid in this action to
5  conclude that the present claims should not be pursued against Breakwater, Jack Rose, or
6  Samantha Randant in this jurisdiction.
7  Additionally, WFA—also signed by plaintiff—governs legal interaction with the steering
8  committee, which plaintiff alleges was composed at the relevant times by the remaining
9  defendants: Randall Ghezzi, Richard Pinto, and Sidney Mandell. (ECF Nos. 1-1, 5-1). In light of
10 plaintiff's claims against these three defendants stemming from their positions on the steering
11 committee, WFA is the governing document for those parties' legal rights. (ECF Nos. 1-1, 5-1).
12 Therefore, that agreement's forum-selection clause will apply, alongside that of CSA. *See* (ECF Nos. 1-1, 5-1).

*b. Whether the forum-selection clauses are invalid*

The court now turns to whether plaintiff surmounts its "heavy burden" of showing that the court should hold the forum-selection clauses unenforceable. *Doe 1*, 552 F.3d at 1083 (quoting *M/S Bremen*, 407 U.S. at 17 (1972)).

Plaintiff argues, *inter alia*, that: (1) for many of the parties, a trip to Las Vegas would be just as inconvenient as a trip to San Diego; (2) defendants had waived the issue of venue because they did not object when this case was originally filed in Nevada state court; and (3) plaintiff could have filed the present action in Delaware but chose to file in Nevada in light of the circumstances of the case and the allegedly applicable legal agreements. *See* (ECF No. 15).

First, arguments of inconvenience may not be considered here. *See Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 582. Second, defendants removed the case to federal court and filed the present motion; they did not simply accept jurisdiction of the Nevada court. (ECF Nos. 1, 5). Finally, this last argument is unpersuasive because plaintiff has made no showing of any other applicable contract that would establish Nevada as the proper venue; moreover, a district court should give "no weight" to the plaintiff's choice of venue in this situation. *Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 581; *see also* (ECF No. 15).

Therefore, plaintiff has failed to satisfy its heightened burden of showing that the 2012 agreements' forum-selection clauses are invalid. *See Doe 1*, 552 F.3d at 1083. The court will

**James C. Mahan**
**U.S. District Judge**

- 4 -

grant defendants' requested relief under 28 U.S.C. § 1404(a) and enforce the agreed-upon contract provisions, in the interest of justice.

### IV.     Conclusion

Plaintiff has failed to show that the 2014 agreement superseded the terms of the 2012 agreements.  Thus, the forum-selection clauses of the 2012 agreements apply, and plaintiff has also failed to show that those clauses are invalid or otherwise unenforceable.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to transfer (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be transferred to the United States District Court, Southern District of California, San Diego Division.

DATED February 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**